IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MACK DAVID WOODYARD,                    :

    Petitioner,                          :
                         CIVIL ACTION 11-0035-WS-M
v.                                       :
                         CRIMINAL ACTION 05-00206-WS-M
UNITED STATES OF AMERICA,                :

    Respondent.                          :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 915). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required.[1] It is recommended that Petitioner's Motion to Vacate (Doc. 915) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Mack David Woodyard.

Woodyard was indicted on June 24, 2005 for conspiracy to

---

[1]Petitioner has requested that an evidentiary hearing be held and that he be appointed an attorney (Doc. 915, p. 11). As the Court finds that both are unnecessary, Woodyard's request is **DENIED**.

distribute various controlled substances, including morphine, oxycontin, lortab, dilaudid, and crack cocaine, in violation of 21 U.S.C. § 846 (count 1); two counts (counts 4, 5) of distribution of oxycontin in violation of 21 U.S.C. § 841(a)(1); and forfeiture in accordance with 21 U.S.C. § 853 (Doc. 1).  On October 27, 2005, a superceding indictment charged Petitioner with the same charges as brought in the original indictment (Doc. 273); on February 24, 2006, a second superceding indictment charged Woodyard with the same charges as brought in the original and second indictments (Doc. 433). At trial, Petitioner was found guilty of the conspiracy charge as well as the two counts of distribution of oxycontin (Doc. 498).  United States District Judge Steele sentenced Petitioner to life on each of the three counts, to be served concurrently, as well as ten years of supervised release following his release from prison on the conspiracy charge and six years each on the two distribution charges, to run concurrently, and an assessment of three hundred dollars (Doc. 592).

Represented by new counsel, Woodyard appealed his convictions (Doc. 578).  The Eleventh Circuit Court of Appeals affirmed the denial of Woodyard's motion for judgment of acquittal but vacated the sentences and remanded the action so that Woodyard could be re-sentenced (Doc. 795).  *United States*

*v. Westry*, 524 F.3d 1198 (11th Cir. 2008). At re-sentencing,

Judge Steele sentenced Petitioner to life on the conspiracy

conviction and a term of 324 months on each of the two

distribution convictions (Tr. 841). Woodyard appealed (Tr. 840)

but the appellate court affirmed the sentences (Doc. 900).

Petitioner filed his Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 on January 18, 2011 in

which he raises the following claims: (1) His convictions and

sentences were obtained in violation of the Double Jeopardy

Clause; (2) he was denied a speedy trial; (3) the prosecutors

committed misconduct in bringing him to trial; and (4) he was

denied the effective assistance of counsel (Doc. 915).

Respondent filed a response on March 2, 2011 (Doc. 920) to which

Petitioner replied (Doc. 925).

In its Response, the Government has asserted that

Woodyard's first three claims are procedurally defaulted as they

were not raised on direct appeal (Doc. 920, p. 8). Petitioner

has asserted that his claims are not procedurally defaulted

(Doc. 925, p. 6), but he has not shown that these three claims

were raised on direct appeal. A review of the two briefs

Woodyard filed on appeal show that these claims were not raised.

The Court further notes that the Eleventh Circuit Court of

Appeals' decision indicates that the claims were not raised.

*See United States v. Westry*, 524 F.3d 1198, 1204 (11th Cir. 2008).

The Court finds that Woodyard's first three claims are procedurally defaulted. To overcome the default, it will be necessary for Petitioner to show both (1) "cause" for not timely raising the claim and (2) "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 166 (1982). The Court notes, however, that Woodyard has raised each of these claims as a particular instance of his attorney's ineffective assistance. Therefore, the Court will examine each of those claims under the ineffective assistance umbrella.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown

> in the adversary process that renders the
> result unreliable.

*Id*. at 687.  In *Evitts v. Lucey*, 469 U.S. 387 (1985), the United States Supreme Court extended *Strickland* to the appellate level, stating that "[a] first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."  *Id*. at 396.

Woodyard claims that his attorney rendered ineffective assistance in that he did not object to his convictions and sentences being obtained in violation of the Double Jeopardy Clause (Doc. 915, pp. 4-5; Doc. 925, pp. 6-13).  Petitioner asserts this is evident in that he faced multiple indictments, that one of his convictions was a lesser included offense of another conviction, and that he was improperly forced to pay the special assessment for each of the three convictions although he was sentenced to serve them concurrently.  Additionally, though seemingly unrelated, Woodyard has argued that his sentence subjected him to cruel and unusual punishment, violating the Eighth Amendment and that his attorney rendered ineffective assistance in not challenging it on this ground.

The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject to the same offence to be twice

put in jeopardy of life or limb." *Beverly v. Jones*, 854 F.2d
412, 414 (11th Cir. 1988), *cert. denied*, 490 U.S. 1082, (1989)
(*quoting* U.S. Const. amend. V, cl. 2).  When analyzing double
jeopardy claims, this Court looks to the opinion rendered in
*Blockburger v. United States*, 284 U.S. 299, 304 (1932), where
the United States Supreme Court held that two offenses were the
same unless each required proof of an additional fact not
required in the other.  *See Beverly*, 854 F.2d at 414.
"[T]herefore, a greater offense is the same as any lesser
offense included within it since it is invariably true that the
lesser offense requires no proof beyond that which is required
for the greater one."  *Id.*, *citing Brown v. Ohio*, 432 U.S. 161,
168 (1977).

The Court notes at the outset that Woodyard was convicted
of one count of conspiracy and two counts of distribution; the
latter two convictions were for distributing oxycontin on two
separate days (Doc. 433, counts 1, 4, 5).  Conspiracy is
distinctly different from distribution in that it is an
agreement between two or more people to commit a crime;
distribution is different in that is requires the element of
actually distributing the illegal drug.  As the two distribution
convictions were for occurrences on different days, none of the

6

three convictions violate the protections of the Double Jeopardy Clause.

The Court will now examine Woodyard's specific assertion that he was subjected to double jeopardy because he faced multiple indictments. The Court notes that the two superceding indictments added nothing new against Woodyard to the three counts brought against him in the original indictment (Doc. 1; *cf*. Docs. 273, 433). Furthermore, the Court is unaware of any prohibition against the use of multiple indictments in charging a criminal defendant. In fact, the Eleventh Circuit Court of Appeals has held, in *United States v. McKay*, 30 F.3d 1418, 1420 (11th Cir. 1994), *cert. denied*, 516 U.S. 924 (1995), that "filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment; so, both events should be treated equally under the [Speedy Trial] Act." As has been discussed previously, Woodyard's three convictions did not subject him to double jeopardy as they were separate offenses, each requiring at least one element not common to the other two offenses. The Court further finds that the multiple indictments did not subject Petitioner to double jeopardy problems.

As part of his double jeopardy claim, Woodyard has asserted that that one of his convictions is a lesser included offense of another conviction (Doc. 915, p. 5). There is no merit in this

argument as the Court has shown that the charges against Petitioner were separate and distinct crimes.

Petitioner has also asserted that he was improperly forced to pay the special assessment for each of the three convictions although he was sentenced to serve them concurrently (Doc. 915, p. 5). Federal statutory law states that "[t]he court shall assess on any person convicted of an offense against the United States in the case of a felony the amount of $100 if the defendant is an individual." 18 U.S.C. § 3013(a)(2)(A). This law leaves the Court no choice: one hundred dollars is to be assessed per conviction against an individual. That is what Judge Steele did. Petitioner's claim that the assessment was improper is without merit. The Court finds that Woodyard has failed to demonstrate how his attorney was deficient in not raising any of these double jeopardy claims; furthermore, Petitioner has not demonstrated any prejudice in his attorney's failure to raise these claims.

Petitioner has also asserted that his sentence subjected him to cruel and unusual punishment, violating the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. Amend VIII.

The evidence in this action shows that Woodyard received a mandatory life sentence on the conspiracy conviction, pursuant

to 21 U.S.C. § 841(b)(1)(viii), because he had two prior convictions (Doc. 900, pp. 9-11). The Eleventh Circuit Court of Appeals upheld that sentence.

Petitioner received a sentence of 324 months on each of the two distribution convictions. In *United States v. Johnson*, 451 F.3d 1239, 1243-44 (11th Cir.), *cert. denied*, 549 U.S. 987 (2006), the Eleventh Circuit Court of Appeals used a two-step process for determining if a non-capital sentence violated the Eighth Amendment. The first step is a determination as to whether the sentence is grossly disproportional to the offense; it is the Defendant's burden to prove disproportionality. If the first step is met, "the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *Johnson*, 451 F.3d at 1243 (*quoting United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir.), *cert. denied*, 546 U.S. 893 (2005)). The Court further notes that "[a] sentence within the statutory limit is generally neither excessive nor cruel and unusual under the Eighth Amendment" as there is no demonstration of gross disproportionality. *United States v. Suarez Flores*, 385 Fed.Appx. 881, 883 (11th Cir. 2010) (*citing Johnson*, 451 F.3d at 1243-44).

Petitioner was sentenced to 324 months on each of the two distribution convictions; the sentencing guideline range was 324 to 405 months (*see* Doc. 841, pp. 1-2). Therefore, Woodyard was sentenced well within the guideline range—in fact, at the low end—and fails to meet his burden of showing gross proportionality. Petitioner's assertion that his sentence violated the Eighth Amendment is without foundation.

In summary, Woodyard has failed to demonstrate any merit in his assertions that his convictions and sentences were obtained in violation of the Double Jeopardy Clause in that he faced multiple indictments; that one of his convictions was a lesser included offense of another conviction; that he was improperly forced to pay the special assessment for each of his three convictions; and that his sentence subjected him to cruel and unusual punishment. As such, Petitioner has failed to demonstrate that his attorney was deficient in not raising these claims at trial or on appeal. Therefore, there is no need for the Court to determine whether Woodyard has suffered any prejudice as a result of his attorney's not raising these claims.

Petitioner has also claimed that his attorney rendered ineffective assistance in not asserting that he was denied a speedy trial (Doc. 915, p. 9). The right to a speedy trial "is

one of the most basic rights preserved by our Constitution."
*Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967). The Sixth
Amendment of the Constitution guarantees to all the right to a
speedy trial. The Eleventh Circuit Court of Appeals, in
*Bramlett v. U.S.*, 405 Fed.Appx. 363, 366 (11th Cir. 2010), *cert.*
*denied*, 131 S.Ct. 2122 (2011), held the following:

> The Speedy Trial Act requires that a federal
> criminal defendant be tried within 70 days
> of the filing of an indictment against him
> or his arraignment, whichever is later. 18
> U.S.C. § 3161(c)(1). The statute excludes
> from the 70-day calculation certain periods
> of delay, including the "delay resulting
> from any pretrial motion, from the filing of
> the motion through the conclusion of the
> hearing on, or other prompt disposition of,
> such motion." *Id.* § 3161(h)(1)(D). The date
> on which an event occurs, including the date
> of arraignment, the date a pretrial motion
> is filed, and the date a pretrial motion is
> resolved, is not counted in calculating the
> statutory period. *United States v. Jones,*
> *601 F.3d 1247, 1255 (11th Cir. 2010)*; *United*
> *States v. Yunis, 723 F.2d 795, 797 (11th*
> *Cir. 1984)*. "[F]or purposes of the [Speedy
> Trial] Act, a jury trial commences when the
> court begins the voir dire." *United States*
> *v. Gonzalez, 671 F.2d 441, 443 (11th Cir.*
> *1982)* (quotation marks omitted).

*Bramlett*, 405 Fed.Appx. at 366.

Woodyard was arraigned on August 16, 2005, so the 70-day
clock began running the next day (Doc. 124).[2]  On September 9,
2005, the Government filed a Motion for Continue in the Interest
of Justice (Doc. 164).  A conference was held where it was noted
that Petitioner's counsel objected, though Judge Bivens noted
that Woodyard had recently sought a delay of the pretrial
conference "because his counsel needed more time to 'identify
and catalog the 1300 plus pages of unindexed documents provided
by the Government as discovery in CD format,' and more time in
which to 'identify specific audio and video in the possession of
the government'" (Doc. 180, p. 2).  The Government's motion was
granted so that all of the Defendants could be tried together;
it was further noted that trial preparations by the Government
had been delayed because of Hurricane Katrina as investigative
agents were unavailable (Doc. 180).

On October 17, 2005, the Government filed another motion to
continue, again so that all Defendants could be tried together
(Doc. 246); Woodyard's attorney filed a response, stating that
he had no objection (Tr. 254).  Judge Steele granted the motion
on October 26, continuing the trial until January 30, 2006 when

_____

[2]The Government filed its first motion for a continuance on
August 12, four days before Woodyard was arraigned (Doc. 112).  The
motion was granted on August 17 by Magistrate Judge Bivens so that all
Defendants could be tried together (Doc. 127).

jury selection was to begin (Tr. 265).  On January 10, the
Government filed its final motion to continue, noting the recent
filing of the superceding indictment and the joinder of two new
co-Defendants (Tr. 343); Judge Bivens granted the motion, noting
the need for all Defendants to be tried together (Doc. 349).
Jury selection was conducted on March 6, 2006 (*see* Doc. 498).

The number of days between August 16, 2005 and March 6,
2006 is 202 days.  During that time, there were four granted
motions to continue, all filed by the Government so that all of
the co-Defendants could be tried together.  Woodyard's attorney
objected to the second motion, though he had sought a delay in
the pretrial conference so that he could review all of the
discovery; the attorney did not object to the third motion which
covered a period of 91 days (*see* Doc. 265).

There is little doubt that Woodyard was not brought to
trial within seventy days as required by the Speedy Trial Act.
The Court notes, however, the "well-settled principle that it is
preferred that persons who are charged together should also be
tried together.  This is particularly true in conspiracy cases."
*United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989)
(citations omitted).  This was the reason given by the Judges
for granting all of the continuances.

Without reaching a finding as to whether Petitioner's attorney was deficient in not seeking an earlier trial for his client, the Court finds that no showing has been made that Woodyard suffered any prejudice in the delay. The Court has carefully reviewed Petitioner's assertions in making this claim and finds no suggestion of prejudice therein (Doc. 915, p. 9; Doc. 925; pp. 14-16). Petitioner's claim that his attorney rendered ineffective assistance in not asserting that he was denied a speedy trial is without merit.

Woodyard's next claims concern prosecutorial misconduct. More specifically, he has asserted that his convictions were obtained through an abuse of the Grand Jury process; that the prosecutors obtained his convictions through the use of perjured testimony and by suppressing that evidence; and that the prosecutors "selectively" and "vindictively" prosecuted him. The Eleventh Circuit Court of Appeals has stated that "[p]rosecutorial misconduct is a basis for reversing an appellant's conviction only if, in the context of the entire trial and in light of any curative instruction, the misconduct may have prejudiced the substantial rights of the accused." *United States v. Reed*, 887 F.2d 1398, 1402 (11th Cir. 1989), *cert. denied*, 493 U.S. 1080 (1990).

Petitioner first claims that his convictions were obtained through an abuse of the Grand Jury process.  More specifically, Woodyard asserts that

> the U.S. Attorney's Office willfully, intentionally, and deliberately mis- instructed the numerous federal Grand Juries on the law as to what legally constituted violations of 21 U.S.C. § 841(a)(1), 860, and § 846.  The government did not instruct the numerous federal Grand Juries that they could not vote to return an Indictment against Petitioner [] upon any of its counts which the government had crafted for violations of 21 U.S.C. § 841(a)(1) & 860— because the Grand Jury could choose only one of those offenses, but not both, or instruct the jury that these offenses were lesser included offenses of the other.

(Doc. 915, p. 7; *see also* Doc. 925, p. 13).  The Court finds this argument to be a repeat of Petitioner's double jeopardy claim that he could not be found guilty of all of the particular crimes because they were, essentially, the same crime.  The Court has already shown that these convictions were legally separate crimes and were not lesser included offenses of each other.[3]  The Court finds that Woodyard's claim gains no vitality dressed as a prosecutorial misconduct claim.  Petitioner has failed to demonstrate how his attorney was deficient in not

---

[3]The Court notes that 21 U.S.C. § 860 is not a separate offense, but an enhancement for the sale of drugs near schools, public housing

raising this claim or how he has been prejudiced in its not being raised.

Woodyard has also asserted prosecutorial misconduct in that they allowed perjured testimony to be introduced against him and that the evidence of that has not been made available to him. As support for this assertion, Petitioner states that three co-defendants were acquitted in a separate trial following his convictions (Doc. 915, p. 11).

The Court finds that Woodyard has failed to provide factual information which supports his claim. First, Petitioner does not identify the co-defendants who were found not guilty. He also fails to show how the evidence was different from that given at his own trial. Finally, Woodyard has failed to show that the Prosecutors knew that the "perjured testimony or misinformation" was knowingly put before the jury by the Government. The Eleventh Circuit Court of Appeals has stated that "[a] conviction will be set aside for prosecutorial misconduct where the prosecution knowingly introduces false information and there is a reasonable likelihood that the false testimony prejudiced the defendant's rights." *United States v. Caporale*, 806 F.2d 1487, 1514 (11th Cir. 1986), *cert. denied*, 483 U.S. 1021 (1987). As to Petitioner's assertion that the

---

spaces, and other specified places.

evidence necessary to prove his assertion has been suppressed by the prosecutors, the Court knows of no requirement that the Government furnish transcripts to Woodyard of proceedings to which he is not a party. The Court finds that Petitioner has not demonstrated that his attorney was deficient in not raising this prosecutorial misconduct claim; the Court further finds that Woodyard has failed to show how he has been prejudiced in his attorney's failure to raise this claim.

Petitioner has also asserted that the prosecutors "selectively" and "vindictively" prosecuted him (Doc. 915, p. 4). The Court notes that Woodyard provides no factual support for this claim. The Court further notes that the evidence belies this assertion as there were fourteen other co-defendants prosecuted along with Petitioner. The Court finds that Woodyard has failed to show that his attorney was deficient in not raising this claim; the Court further finds that Petitioner has not demonstrated any prejudice in his attorney's failure to raise this claim.

In summary, the Court finds that Woodyard has failed to show that his attorney was deficient in not asserting any claims of prosecutorial misconduct. Additionally, the Court finds that Petitioner has failed to demonstrate any prejudice in his attorney's failure to raise any prosecutorial misconduct claims.

17

Woodyard has also raised ineffective assistance of counsel claims beyond the three claims that were procedurally defaulted. Those claims are that his attorney was ineffective in that he failed to seek jury charges on the following: a buyer/seller charge; simple possession; venue; and the statute of limitations (Doc. 915, p. 12).

With regard to the first two of these claims, the Court notes that Petitioner has failed to show why such charges would have been appropriate. The Court further notes that the appellate court upheld Woodyard's convictions on sufficiency of the evidence claims. *Westry*, 524 F.3d at 1212. As such, there is no support for Petitioner's claims regarding buyer/seller or simple possession charges to the jury. This leads the Court to find that Woodyard's claim that his attorney rendered ineffective assistance in not seeking such a charge is without merit.

With regard to the venue charge claim, Petitioner has failed to assert why there was any problem with the venue. The evidence at trial clearly showed that his conduct was conducted within the jurisdiction of the Court. *See Westry*, 524 F.3d at 1204-1206. Woodyard's claim that his attorney rendered ineffective assistance in not suggesting a jury charge on venue is without merit.

Finally, Petitioner has asserted that his attorney rendered ineffective assistance in not seeking a statute of limitations jury charge. The Court notes that the general federal statute of limitations is five years. 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed").

The second superceding indictment, filed on February 24, 2006, asserts that the conspiracy took place from March 1998 through June 30, 2005 and that Woodyard's two charges for distribution took place on October 11 and 12, 2002 (Doc. 433, pp. 1-3). These dates fall within the five-year limitations period, so any suggestion of a statute of limitations jury charge would have been inappropriate by Woodyard's attorney. The Court finds no merit in Petitioner's claim otherwise.

In summary, Woodyard has raised four different claims. The first three of those claims are procedurally defaulted because they were not raised on appeal. As cause for his failure to raise the claims, Petitioner has asserted that his attorney rendered ineffective assistance. The Court has examined each of those three claims through the *Strickland* analysis and found no

merit in any of them as Woodyard has failed to prove that his attorney was deficient in not raising the claims and has further failed to prove any prejudice because the claims were not raised. Finally, the Court examined other particular claims of ineffective assistance and found those claims, too, to be without merit.

Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Mack David Woodyard.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Inasmuch as the Court has found that Woodyard has failed to assert sufficient facts to support any claim of

constitutional error, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  It is suggested that

Woodyard will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255,

be denied.  A further recommendation is made that Petitioner is

not entitled to a certificate of appealability and, therefore,

he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk
of court.  Failure to do so will bar a de novo determination by
the district judge of anything in the recommendation and will
bar an attack, on appeal, of the factual findings of the
magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*,
855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677
F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for
challenging the findings and recommendations of the magistrate
judge is set out in more detail in SD ALA LR 72.4 (June 1,
1997), which provides that:

A party may object to a recommendation entered by a
magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing

a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days after being served
with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed de novo and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 26th day of July, 2011.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE