# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-0206-WS |
| | ) |
| MACK DAVID WOODYARD, | ) |
| | ) |
| Defendant. | ) |

## SHOW CAUSE ORDER

This matter comes before the Court on defendant Mack David Woodyard's Motion for Reconsideration (doc. 1130).

On February 15, 2019, the undersigned entered an Order (doc. 1126) finding that Woodyard was ineligible for relief under the retroactive provisions of the First Step Act of 2018 because his statutory maximum and guideline range would remain life even if sections 2 and 3 of the Fair Sentencing Act of 2010 had been in effect at the time of the offense.

In his Motion for Reconsideration, Woodyard correctly points out an error in the February 15 Order's reasoning. In particular, the February 15 Order indicated that the operative guideline range and "the statutory maximum that Woodyard faced under 841(b)(1)(B) [were] life because the jury found beyond a reasonable doubt that Johns' death resulted from the use of controlled substances that Woodyard conspired to possess with intent to distribute." (Doc. 1126.) As Woodyard's Motion to Reconsider accurately states, however, the Eleventh Circuit held on direct appeal that there was insufficient evidence to apply the death enhancement to him. *See United States v. Westry*, 524 F.3d 1198, 1220-21 (11th Cir. 2008). Thus, the February 15 Order is in error. Woodyard's Motion for Reconsideration is **granted**, and the February 15 Order (doc. 1126) is **vacated**.

Upon reconsideration, and with input from the United States Probation Office, the Court concludes that Woodyard is eligible for relief under the First Step Act. Here is why: After resentencing, the Eleventh Circuit held that "Woodyard's 1982 and 1985 felony drug possession convictions are sufficient to support the § 841(b)(1)(A) mandatory life sentence." (Doc. 900, at 10-11.) Upon retroactive application of sections 2 and 3 of the Fair Sentencing Act of 2010,

however, Woodyard's statutory maximum and minimum sentences are determined by reference to 21 U.S.C. § 841(b)(1)(B), rather than § 841(b)(1)(A). Although Woodyard's mandatory life sentence was imposed under § 841(b)(1)(A) for committing the violation after having multiple prior felony drug convictions, § 841(b)(1)(B) lacks a corresponding mandatory life sentence provision. Under § 841(b)(1)(B), a person who "commits such a violation after a prior conviction for a felony drug offense has become final … shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." *Id.* Retroactive application of the Fair Sentencing Act of 2010 renders that provision operative in determining Woodyard's statutory sentencing parameters, given his prior final conviction for a felony drug offense. Thus, his new statutory sentencing range is 10 years to life.

The United States Probation Office has calculated Woodyard's revised sentencing guidelines under the First Step Act as follows: His base offense level is 26, derived from U.S.S.G. § 2D1.2(a)(1) (base offense level is 2 plus applicable offense level of 24 drawn from § 2D1.1(8) for the amount of crack cocaine for which Woodyard was found to be accountable). There is a two-level enhancement for possession of a dangerous weapon, yielding a total offense level of 28. Combined with a criminal history category of IV, Woodyard's revised guideline range after application of the First Step Act of 2018 is 110 to 137 months. The high end of this revised guideline range is less than the time Woodyard has already served.

Unless the Government files a written objection on or before **March 18, 2019**, the Court will enter an order reducing defendant's term of imprisonment to **TIME SERVED**, pursuant to 18 U.S.C. § 3582(c)(1)(B).[1]

DONE and ORDERED this 11th day of March, 2019.

                                             s/ WILLIAM H. STEELE
                                             UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that the First Step Act makes retroactive application of the reduced penalty scheme of the Fair Sentencing Act of 2010 discretionary, not mandatory. Indeed, section 404(c) of the Act specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* In determining that relief may be appropriate in this case, the Court has considered Woodyard's court file, as well as his unblemished prison disciplinary record, and his successful completion of drug education and other education courses since his incarceration, culminating in earning his GED.